UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FASHA REID,

                                        Plaintiff,                  3:21-cv-089
                                                                         (AMN/ML)
v.

THE NEW YORK STATE OFFICE OF
CHILDREN AND FAMILY SERVICES,

                                        Defendant.
_____

**APPEARANCES:**                                           **OF COUNSEL:**

**DANNY GRACE, PLLC**                           **DANIEL GRACE, ESQ.**
225 Broadway – Suite 1200                    **DOUGLAS MACE, ESQ**.
New York, New York 10007
Attorneys for Plaintiff

**ATTORNEY GENERAL FOR THE**
**STATE OF NEW YORK**                            **KEITH J. STARLIN, ESQ.**
The Capitol                                               **KONSTANDINOS D. LERIS, ESQ.**
Albany, NY 12224-0341                        Assistant Attorneys General
Attorneys for Defendant

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.     INTRODUCTION

On January 25, 2021, Fasha Reid ("Plaintiff") commenced this action against the New York State Office of Children and Family Services ("Defendant"), alleging discrimination and retaliation claims against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq. ("Title VII"). Dkt. No. 1 at ¶ 1. This Court, in its Memorandum-Decision and Order dated September 27, 2023, granted Defendant's motion for summary judgment, and entered judgment in favor of Defendant. *See* Dkt. Nos. 51 & 52.

Presently before this Court is Defendant's motion for a Bill of Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Dkt. No. 53 (the "Motion"), which Plaintiff opposes, Dkt. No. 54.

For the reasons stated herein, Defendant's Motion is denied.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorney's fees should be allowed . . . to the prevailing party unless the court directs otherwise." *Sacco v. Daimler Chrysler Corp.*, No. 05-CV-1435, 2008 WL 2858652, at *1 (N.D.N.Y. July 22, 2008) (quoting Fed. R. Civ. P. 54(d)(1) (internal quotation marks omitted)). The costs that may be awarded to a prevailing party are set forth in 28 U.S.C. § 1920. *See Gallagher v. IBEW Local Union No. 43*, No. 5:00-CV-1161, 2008 WL 5191691, at *1 (N.D.N.Y. Dec. 10, 2008). Section 1920 states, in relevant part, the following:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.* (quoting 28 U.S.C. § 1920) (internal quotation marks omitted).

In civil litigation, awarding costs to the prevailing party is the rule—not the exception. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citing Fed. R. Civ. P. 54(d), *abrogated on other grounds Bruce v. Samuels*, 577 U.S. 82 (2016)). Therefore, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct

2

by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* (citations omitted). "The decision to award costs to a prevailing party under Rule 54(d)(1) rests within the sound discretion of the district court." *McEachin v. Goord*, No. 9:01-CV-0259, 2007 WL 1571981, at *1 (N.D.N.Y. May 25, 2007) (citation omitted).

### III. DISCUSSION

Defendant's Motion seeks to tax Plaintiff for $1,598.40, the cost for the transcript of Plaintiff's deposition, which Defendant utilized in connection with its motion for summary judgment. Dkt. No. 53. As a general matter, "the reasonable costs of transcribing depositions are properly taxed in favor of the prevailing party." *Green v. Venettozzi*, No. 9:14-CV-1215 (BKS/CFH), 2019 WL 4508927, at *1 (N.D.N.Y. Sept. 19, 2019). "When a deposition transcript is used or received in evidence at trial, or is submitted to the court for consideration of a motion for summary judgment, costs are properly allowed . . .." *McEachin*, 2007 WL 1571981, at *1.

Among other things, Plaintiff asserts that Defendant's Motion should be denied because she is indigent and the taxing of Defendant's costs to Plaintiff would pose "a significant and inequitable financial hardship" on her. Dkt. No. 54 at 2.[1] "Generally, a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs, and the party asserting a lack of funds must demonstrate [her] indigency." *Cutie v. Sheehan*, No. 1:11-CV-66 (MAD), 2016 WL 3661395, at *3 (N.D.N.Y. July 5, 2016) (internal quotation marks and citations omitted and emphasis in the original). Here, Plaintiff has satisfied her burden of demonstrating that she is indigent. *See* Dkt. Nos. 54 at 2, 54-1 at 1 (submitting

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

3

documentary evidence in support of Plaintiff's assertions that she is currently unemployed and unable to work due to medical issues). As such, Defendant's Motion is denied.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion, Dkt. No. 53, is **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 12, 2023
Albany, New York

Anne M. Nardacci
U.S. District Judge